NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10062 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00027-RCJ-WGC-1 |
| v. | |
| SHERMAN BLAKE CRUTCHER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 11, 2019**
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Defendant Sherman Crutcher pleaded guilty to assault resulting in serious bodily injury, arising from a violent attack on Duck Valley reservation.  Despite the parties' request for a within-Guidelines sentence, which the district court calculated as being 70 to 87 months, the district court sentenced Crutcher to108

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

months. In doing so, the court varied upward not just once, but twice from the court's calculated Guidelines range for essentially the same reasons. On appeal, Crutcher challenges the district court's second variance as being procedurally erroneous. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate and remand.

This Court employs an abuse of discretion standard in determining whether a sentence is procedurally erroneous. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally erroneous if the district court "select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

The government concedes that Crutcher's sentence was erroneous because the district court failed to adequately explain the basis for its second upward variance of 12 months, which resulted in a nine-year sentence. We agree. Here, the district court largely relied on the same reasons in support of its second upward variance as it did for its initial nine-month upward variance. This was procedurally erroneous. *See id.* at 46 ("It is . . . clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that . . . an unusually harsh sentence is appropriate in a particular case with sufficient justifications.").

The two additional reasons cited by the district court in support of its second upward variance were also erroneous. The court cited: (1) Crutcher's blood alcohol content ("BAC") of .111 during the commission of the assault; and (2) a comparison of Crutcher's crime to a recent 20-year voluntary manslaughter sentence imposed by the court. However, there was no record of any BAC for Crutcher's offense. Rather, the district court appears to have confused Crutcher's present offense with an earlier, unrelated 2007 conviction for eluding police during which Crutcher recorded a .111 BAC. Further, the district court never explained why the sentence imposed in an unspecified murder case had any relevance to Crutcher's case. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1195 (9th Cir. 2011) ("It does not matter for the purposes of § 3553(a) that [Espinoza-Baza] can point to [other] criminal defendant[s] . . . who may have received . . . lighter sentence[s] under materially different circumstances.") (alterations in original) (citation and internal quotation marks omitted). Therefore, Crutcher's sentence was unlawful.[1]

We instruct the Chief Judge of the District of Nevada to assign this case to a different district judge on remand. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d

---

[1] Because we conclude that the district court committed procedural error in sentencing Crutcher, we need not address the sentence's substantive reasonableness. *See Gall*, 552 U.S. at 51 (substantive reasonableness review only appropriate when sentence is procedurally sound).

1032, 1045 (9th Cir. 2015) (reassignment warranted to maintain the appearance of justice).

**VACATED and REMANDED with instructions.**